UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| BANK OF LINCOLN COUNTY, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 4:24-CV-54 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| JPMORGAN CHASE & CO., *doing business as* CHASE BANK, | ) |
| *Defendant*. | ) |

**M E M O R A N D U M**

Before the Court is a motion by Defendant, JPMorgan Chase & Co., doing business as Chase Bank, to dismiss part of the complaint of Plaintiff, Bank of Lincoln County, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 13.) Plaintiff responded in opposition (Doc. 16), and Defendant replied (Doc. 17). For the reasons set out below, the Court will **GRANT** Defendant's motion.

**I.    BACKGROUND**[1]

On April 24, 2023, non-party Taylor Way Apartments ("Taylor Way"), which is a customer of Plaintiff's, obtained a cashier's check (the "Check") for $118,456.39 from Plaintiff. (Doc. 12 ¶¶ 6–7.) The Check was payable to "Taylor Way Apartments LP" and listed an address in Alabama. (*Id.* ¶ 7, Doc. 12-1 at 2.) Taylor Way mailed the Check to that address. (*Id.*)

An unknown individual got possession of the Check and changed the payee to "RSW Logistics LLC" at an address in Georgia. (Doc. 12 ¶ 8.) That individual or another either cashed

---

[1] This summary of the facts accepts all the factual allegations in Plaintiff's amended complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

the Check with Defendant or deposited it into a newly opened account with Defendant. (*Id.* ¶¶ 8, 19)  Defendant did not do an internet search of "RSW Logistics LLC" to determine whether it was a legitimate company or to verify the address on the Check before cashing or depositing it.[2]  (*Id.* ¶¶ 18–19.)  Defendant also did not require the person cashing or depositing the Check to present a photographic identification, nor did it require a signed resolution by RSW Logistics LLC before opening any account.  (*Id.* ¶¶ 20, 22.)

Defendant presented a substituted copy of the Check to Plaintiff for payment on May 2, 2023.  (*Id.* ¶ 8.)  Plaintiff paid the Check.  (*Id.* ¶¶ 8, 11.)  After paying the Check, Plaintiff realized the payee had been altered.  (*Id.*)  Plaintiff demanded payment of the full amount of the Check from Defendant on July 12, 2023.  (*Id.* ¶ 12.)  Defendant paid Plaintiff $11,149.00 on May 30, 2024.  (*Id.*)

Plaintiff filed suit against Defendant in Circuit Court for the Seventeenth Judicial District of Tennessee on June 10, 2024, for breach of presentment warranties, actual or constructive knowledge of fraudulent checks, and negligence.[3]  (Doc. 1-2.)  Defendant removed the suit to this Court on July 31, 2024.  (Doc. 1.)  Plaintiff filed an amended complaint on August 27, 2024, asserting a claim for breach of presentment warranties in Count One and a claim in the alternative for negligence in Count Two.  (Doc. 12.)

On September 10, 2024, Defendant filed a motion to dismiss Count Two under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 13.)  Plaintiff responded in opposition on September 24, 2024.  (Doc. 16.)  Defendant replied on October 11, 2024.  (Doc. 17.)

---

[2] The address was not correct.  Two of the digits of the street address were transposed from the address for RSW Logistics LLC, on the Georgia Secretary of State's website.  (Doc. 12 ¶ 18.)

[3] The original complaint also included claims regarding a second check.  (*See, e.g.*, Doc. 1-2 ¶¶ 7–9.)  There are no allegations regarding the second check in the amended complaint.

## II.     STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## III.  DISCUSSION

Defendant argues the Tennessee Uniform Commercial Code (the "UCC") displaces Plaintiff's negligence claim because "when the UCC provides a comprehensive remedy for the parties to a transaction, common-law and other non-[UCC] claims and remedies should be barred." (Doc. 14 at 3 (quoting *C-Wood Lumber Co. v. Wayne Cnty. Bank*, 233 S.W.3d 263, 281 (Tenn. Ct. App. 2007)) (alteration in original).)  Articles 3 and 4 of the UCC provide a scheme for the negotiation and payment of checks that is "nearly" comprehensive and "provide[s] discrete loss-allocation rules uniquely applicable to banks."  (*Id.* (quoting *C-Wood*, 233 S.W.3d at 281).)  Thus, Defendant argues, "[t]he weight of the case law comes down against permitting common-law actions to displace the UCC's provisions regarding transactions governed by Articles 3 and 4." (*Id.* (quoting *C-Wood*, 233 S.W.3d at 281) (alteration in original).)  Consistently with these principles, the Tennessee Court of Appeals held that transactions that fell "squarely within the scope of Articles 3 and 4" were "governed solely by the UCC" and common-law remedies for those harms were barred.  (*Id.* (quoting *C-Wood*, 233 S.W.3d at 281–82).)

Plaintiff's primary response is procedural.  Because Plaintiff's negligence claim is asserted only in the alternative to its UCC claim, Plaintiff says the Court should wait to see whether Defendant denies liability for the UCC claim before ruling on the viability of the negligence claim. (Doc. 16 at 3, 5–7.)  Plaintiff argues this approach would be more efficient because the Court might never have to address the negligence claim at all.  Plaintiff also suggests Defendant is engaging in improper gamesmanship by moving to dismiss the negligence claim before answering the UCC claim:

> If, in fact, the Defendant was in agreement that . . . [the UCC] does in fact provide a "comprehensive remedy for the parties to a transaction" as alleged in the first cause of action, why would the Defendant begin its defense by challenging a cause of action asserted by the Plaintiff only in the alternative.  The Plaintiff submits that

4

> it is likely that the Defendant instead will assert in response to the first cause of action . . . that the [Check] is not an altered check as defined in [the UCC], and consequently there is no remedy available to the Plaintiff under the provisions of the [UCC].

(*Id.* at 5.)

Defendant's reply argues Plaintiff is confusing the availability of a UCC remedy with the guaranty of a recovery. (Doc. 17 at 1.) A remedy is a procedure for seeking redress for a loss; it provides a mechanism for seeking a recovery, but it does not guaranty that a recovery will ultimately be made. (*Id.* at 1–2 (quoting *Wimley v. Rudolph*, 931 S.W.2d 513, 515 (Tenn 1996) and *Booth v. Churner*, 532 U.S. 731, 737–38 (2001)).)

Defendant is correct: the alternative nature of Plaintiff's negligence claim does not exempt the claim from a motion to dismiss. The Court is aware of no legal authority that would provide such an exemption. As Defendant points out, this Court has previously denied a similar request to preserve an alternative negligence claim as a back-up in case the plaintiff's UCC claim were to fail down the road. *See Russell Barnett Ford of Tullahoma, Inc. v. H&S Bakery, Inc.*, 298 F. Supp. 3d 287, 302 (E.D. Tenn. 2019) (rejecting plaintiff's argument "that even if the Court concludes the UCC bars its negligence claim, it should still be allowed to plead negligence as an alternative theory of liability"). The same result is appropriate here.

An alternative cause of action that cannot, on its own, state a claim on which relief can be granted is subject to dismissal under Rule 12(b)(6), just as any other claim would be. The Court therefore sees no impropriety in Defendant's filing of a motion to dismiss Plaintiff's negligence claim under Rule 12(b)(6) at this stage of the case regardless of whether Defendant intends to contest the merits of Plaintiff's right to a remedy under the UCC.

The Court turns next to the substance of Defendant's displacement argument. Plaintiff's response recites *C-Wood*'s general acknowledgements that the UCC does not codify all of

5

commercial law and that any consistent common-law remedies that are not displaced by the UCC remain valid. (Doc. 16 at 6 (quoting *C-Wood*, 233 S.W.3d at 280).) On these grounds, Plaintiff invites the Court to reject all of Defendant's arguments based on *C-Wood*. Plaintiff does not discuss the rest of *C-Wood*'s explanation of UCC displacement, or *C-Wood*'s ultimate holding that the plaintiff's common-law claims were displaced, or any of the other cases regarding UCC displacement Defendant cites in its motion.

Defendant's statement of Tennessee law as to the UCC's displacement of Plaintiff's negligence claim is correct. *See C-Wood*, 233 S.W.3d at 280–82. Further, Plaintiff has not shown that any aspect of the transactions in this case falls outside "the scope of Articles 3 and 4" of the UCC such that displacement would not be appropriate. *See id.* at 281. Therefore, as in *C-Wood*, Plaintiff's "claims against . . . [Defendant] and the scope of the remedies available to [Plaintiff] are governed solely by the UCC." *Id.* at 281–82. On these grounds, Plaintiff's negligence claim fails to state a claim on which relief may be granted, and Defendant is entitled to dismissal of Plaintiff's negligence claim under Rule 12(b)(6).[4]

## IV. CONCLUSION

Count Two of the amended complaint fails to state a claim for negligence on which relief may be granted. Defendant's motion for partial dismissal (Doc. 13) will therefore be **GRANTED**. Count Two of Plaintiff's amended complaint will be **DISMISSED**.

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**

---

[4] Defendant also argues that even if the negligence claim is not displaced, it must fail because Defendant owed no duty of care to Plaintiff as a legal matter. (Doc. 13 at 1.) Because Defendant's first argument disposes of Plaintiff's claim, the Court need not reach Defendant's second argument.